JUSTICE PLEICONES,
dissenting.
I respectfully dissent. I agree with Justice Kittredge that the Court of Appeals properly decided the “sophisticated user” issue, and that the doctrine has been part of South Carolina’s jurisprudence since 1995. I disagree with the majority, with Justice Kittredge, and with the Court of Appeals, however, on the question whether Lawing was a ‘user’ within the meaning of S.C.Code Ann. § 15-73-10 (2005), and would therefore uphold the trial court’s decision to grant summary judgment to Trinity and Matrix on Lawing’s strict liability claim.
Section 15-73-10 imposes strict liability on sellers to users and consumers under certain circumstances. The meaning of the terms “user” and “consumer” are elucidated by the Comments to § 402A of the Restatement of Torts Second.[18] Comment 1 provides: “ ‘User’ includes those who are passively enjoying the benefit of the product ... as well as those who are utilizing it “for the purpose of doing work upon it....” At the time of this horrific accident, the sodium brómate was being stored, albeit in an improper location, “until it was needed for production.” Lawing v. Univar, USA, Inc., 781 S.E.2d at 548, 551 (S.C. Sup. Ct. filed December 2, 2015). Moreover, the accident occurred during “shutdown week” when no “regular production” took place. Id. Given these circumstances, I would find that Lawing was not a ‘user’ within the meaning of § 15-73-10 when the fire occurred, because at that juncture neither he nor Engelhard was “utilizing [the sodium brómate] for the purpose of doing work upon it” within the meaning or contemplation of Comment 1.
This is a tragic case, but for the reasons given above, I respectfully dissent, and would affirm the Court of Appeals on the “sophisticated user” issue, and reverse that court on the *232 “user within the meaning of § 15-73-10” issue and reinstate the trial court’s order granting summary judgment to Trinity and Matrix.

. Pursuant to S.C.Code Ann. § 15-73-30 (2005), these comments are incorporated by reference and are deemed to express the General Assembly’s legislative intent.